# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TONY GAMBLE, Inmate #B09503,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DONALD N. SNYDER, NANCY** | ) | **CIVIL NO. 04-002-MJR** |
| **TUCKER,, JANIS MILLER, KATHY** | ) | |
| **BOCHANTIN, CHRISTINE BROWN,** | ) | |
| **MARY McINTOSH, DR. SIDDIQUI, DR.** | ) | |
| **GONZALES, GUY PIERCE, and JOHN** | ) | |
| **DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a former inmate in the Pinckneyville Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was

granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as

ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such

relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In his complaint, Plaintiff states the following.  On April 30, 2002, he saw a nurse for pain in his left leg and difficulty walking.  The nurse referred him to Defendant Mary McIntosh, a physician's assistant, who ordered x-rays, gave him crutches, and prescribed motrin for pain.  The x-rays, reviewed by Defendant Dr. Gonzales, revealed that Plaintiff had a bullet lodged in his left leg.  Plaintiff told McIntosh and Dr. Gonzales that he had been shot ten years prior.  McIntosh took away Plaintiff's crutches, and told Plaintiff that the bullet would not be removed by medical staff.  Plaintiff then filed a grievance requesting a second opinion.  He received a response from McIntosh, stating that the Illinois Department of Corrections is not responsible for injuries that happened before incarceration.  On June 6, 2002, Plaintiff was seen by another physician, Dr. Siddiqui.  Plaintiff states that Defendant Siddiqui told him "nothing could be done and there was no need for a follow up."  However, medical records submitted by Plaintiff as exhibits to the complaint show that at the June 6 examination, Defendant Siddiqui prescribed pain medication and noted "no need for follow up unless it becomes inflamed or increases in size."  Plaintiff filed other grievances seeking additional treatment; all were denied.  Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Plaintiff has not shown that Defendants were deliberately indifferent to his serious medical needs.  Plaintiff states that his crutches were taken after it was determined that he had a bullet lodged in his leg.  However, medical records submitted with the complaint indicate that Plaintiff was ordered crutches for only a one week period.  These records, submitted to the Court by Plaintiff, belie his claim that the crutches were taken away from him because it was discovered that a bullet was causing the pain.  Plaintiff states that he requested a second opinion after Dr. Gonzales told him the medical unit would not remove the bullet.  He was granted evaluation by another doctor.  That doctor, Defendant Siddiqui, prescribed pain medication and told him that no treatment was necessary unless the area became inflamed or increased in size.  This indicates that Dr. Siddiqui intended to treat the injury it if it became worse.  According to these records, Plaintiff's request for a second

opinion was granted and Plaintiff received treatment for his injury, although it may not have been the treatment he desired.  However, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  Based on the facts and exhibits submitted by Plaintiff and the legal standards described above, Plaintiff has not stated a claim of deliberate indifference in violation of the Eighth Amendment.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 22nd day of September, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**